**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DANIEL ESTEBAN JACKSON VELASQUEZ; OSCAR ENRIQUE RODRIGUEZ CHOURIO; DANIELA VICTORIA ARQUIADES GUERRA; LEKMER OSWALDO RODRIGUEZ ERAZO and LISMAR ARIANNA PERDOMO BAEZ, on behalf of themselves and as next friends of D.R.G.P., a minor; and GRACE SUSAN VILLALOBOS BALLESTER, on behalf of herself and as next friend of S.A.M.V., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH B. EDLOW, in his official capacity as Director of United States Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, <br><br> Defendants. | Case No. ___8:26-cv-1939___ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.     Federal regulations require United States Citizenship and Immigration Services ("USCIS") to grant or deny employment authorization applications that the agency accepts for adjudication. For Plaintiffs, USCIS has done neither. Instead, it

1

has substituted a sweeping, nationality-based hold ("Benefits Hold") in place of the individualized decisions its regulations require.

2.      Plaintiffs filed Forms I-765 ("Applications for Employment Authorization") so they could work lawfully while USCIS adjudicates their separate Forms I-485 ("Applications to Register Permanent Residence or Adjust Status"). USCIS accepted fee payments, issued receipt notices, and allowed the applications to proceed through ordinary processing. But because Plaintiffs are nationals of countries identified in presidential entry proclamations, USCIS now withholds final decisions under a categorical adjudicative hold.

3.      The employment authorization regulations do not permit that result. USCIS may grant a Form I-765, in which case the applicant receives notice and an employment authorization document. Or it may deny the application, in which case the applicant receives written notice and the reasons for denial. The regulations do not authorize USCIS to accept an application, collect a fee, obtain biometrics, conduct background checks, and review the record, only to withhold a decision at the last step.

4.      The Administrative Procedure Act requires agencies to conclude matters presented to them within a reasonable time and authorizes courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 555(b), 706(1). Plaintiffs do not ask this Court to adjudicate their Forms I-485, confer permanent residence, or order USCIS to approve any Form I-765. Indeed, USCIS remains free to conduct lawful screening, request evidence, or deny an application on a lawful

2

ground. What Plaintiffs challenge is simply USCIS's replacement of that adjudicatory process with a categorical, nationality-based rule of non-decision.

5. The Court should therefore declare the Benefits Hold unlawful as applied to Plaintiffs' Forms I-765, enjoin USCIS from relying on it to withhold final adjudication, and require USCIS to decide whether Plaintiffs may work lawfully while awaiting adjudication of their adjustment applications so they can support themselves and their families.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 701–706; the Immigration and Nationality Act; and the Mandamus Act, 28 U.S.C. § 1361.

7. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202 and injunctive relief under 5 U.S.C. §§ 705 and 706 and the Court's equitable powers.

8. Venue is proper under 28 U.S.C. § 1391 because Defendants are agencies or officers of the United States sued in their official capacities, USCIS is headquartered in this District, substantial events giving rise to the claims occurred in this District, and no real property is involved in this action.

9. Plaintiffs' claims are properly joined under Federal Rule of Civil Procedure 20 because they arise from the same series of agency actions: PM-602-0192, PM-602-0194, and USCIS's implementation of those policy memoranda to suspend final

3

adjudication of covered Forms I-765. Plaintiffs' claims present common questions concerning the Benefit Hold's lawfulness, statutory basis, procedural validity, and consistency with agency regulations.

## PLAINTIFFS

10. Plaintiff Daniel Esteban Jackson Velasquez is a citizen of Venezuela residing in Orlando, Florida. He entered the United States on May 15, 2023, through humanitarian parole under 8 U.S.C. § 1182(d)(5), and later received Temporary Protected Status for Venezuelans. He filed an EB-2 National Interest Waiver petition on May 20, 2024, which remains pending. On November 7, 2025, he filed Form I-485 (receipt number IOE0934547158) based on that pending petition and Form I-765 (receipt number IOE0934547159) under 8 C.F.R. § 274a.12(c)(9). USCIS scheduled biometrics, and Mr. Jackson attended his biometrics appointment on December 12, 2025. USCIS's online case-status page states that his Form I-765 is still being processed and that USCIS does not currently need anything from him. USCIS has not issued any notice identifying a defect in his pending Form I-765 or a case-specific explanation for withholding final adjudication. Without current employment-authorization documentation, Mr. Jackson cannot work lawfully in his field of information technology and cybersecurity. He lost his Senior Solutions Architect position at ePlus Technology, which provided health insurance, and he has had to stop consulting through his company. He has incurred substantial medical and living-expense debt, requires ongoing medical care after a life-threatening cardiac event,

4

and helps support his fourteen-year-old daughter and his mother, who resides in a specialized Alzheimer's care facility.

11.     Plaintiff Oscar Enrique Rodriguez Chourio is a citizen of Venezuela. He currently resides in Harvey, Louisiana, and maintains a mailing address in Katy, Texas, for USCIS correspondence. He entered the United States on October 26, 2024, through Atlanta, Georgia, after previously maintaining lawful status through Temporary Protected Status and an L-1B visa. He has a pending I-140 immigrant petition with a priority date of December 29, 2023. On November 3, 2025, he filed Form I-485 (Receipt Number IOE0934496010) and Form I-765 (Receipt Number IOE0934496011) under 8 C.F.R. § 274a.12(c)(9). USCIS reused his biometrics, as confirmed by a notice dated November 13, 2025. USCIS's online case-status page states that his Form I-765 is still being processed and that USCIS does not currently need anything from him. USCIS has not issued any notice identifying a defect in his pending Form I-765 or a case-specific explanation for withholding final adjudication. Without current employment authorization, Mr. Rodriguez Chourio cannot work lawfully as a field-service engineer. He lost his position at Baker Hughes Energy Services LLC, where he had worked since December 2021, and has been unable to return to critical energy-infrastructure work, including the Venture Global LNG Calcasieu Pass II installation. He is the sole provider for his wife and two U.S.-citizen minor children, lost health insurance when his employment ended, and has had to rely on savings to meet rent and household obligations while his pending Form I-765 remains undecided.

12.     Plaintiff Daniela Victoria Arquiades Guerra is a citizen of Venezuela. She currently resides in Harvey, Louisiana, and maintains a mailing address in Katy, Texas, for USCIS correspondence. She entered the United States on February 19, 2022, through Houston, Texas, under an L-2 visa and later transitioned to Temporary Protected Status. She has a pending Form I-485 based on her marriage to Plaintiff Oscar Enrique Rodriguez Chourio. She filed the Form I-485 (Receipt Number IOE0934496013) on November 3, 2025, along with Form I-765 (Receipt Number IOE0934496014) under 8 C.F.R. § 274a.12(c)(9). USCIS reused her biometrics, as confirmed by a notice dated November 13, 2025. USCIS's online case-status page states that her Form I-765 is still being processed, and that USCIS does not currently need anything from her. USCIS has not issued any notice identifying a defect in her pending Form I-765 or a case-specific explanation for withholding final adjudication. Without current employment authorization, Ms. Arquiades cannot work lawfully. She has been unable to contribute financially to her household, which includes her husband and their two U.S.-citizen minor children. The family has been drawing on their savings to meet rent, healthcare, and other essential household obligations. Ms. Arquiades is ready and willing to join the workforce immediately to alleviate the family's financial strain, but her inability to obtain employment authorization has left her unable to do so while her pending Form I-765 remains unadjudicated.

13.     Plaintiff Lekmer Oswaldo Rodriguez Erazo is a citizen of Venezuela residing in New Port Richey, Florida, with his wife and son. He entered the United States on July 25, 2018, through Miami, Florida, on a B-2 visitor visa, and later received

Temporary Protected Status for Venezuelans. On November 5, 2025, he filed Form I-485 (receipt number IOE0934523011) based on an EB-2 National Interest Waiver petition with a priority date of June 10, 2024, along with Form I-765 (receipt number IOE0934523012) under 8 C.F.R. § 274a.12(c)(9). USCIS reused his biometrics, as confirmed by a notice dated November 17, 2025. USCIS's online case-status page states that his Form I-765 is still being processed and that USCIS does not currently need anything from him. USCIS has not issued any notice identifying a defect in his pending Form I-765 or a case-specific explanation for withholding final adjudication. Without current employment authorization, Mr. Rodriguez Erazo cannot work lawfully in construction estimation, project management, and related fields. The uncertainty surrounding his employment authorization has affected the stability of his employment as an Electrical Estimator at MCS of Tampa, and he has been unable to accept opportunities in cost estimation, electrical estimating, consulting, and construction-claims work. During the months USCIS has been withholding adjudication of his Form I-765, he has incurred debt to cover mortgage, vehicle, and household expenses. He has also been unable to renew his driver's license, which has impaired his ability to assist with family transportation and daily responsibilities.

14.     Plaintiff Lismar Arianna Perdomo Baez is a citizen of Venezuela residing in New Port Richey, Florida, with her husband and son. She entered the United States on October 11, 2018, through Miami, Florida, using a B-2 visitor visa, and later received Temporary Protected Status for Venezuelans. She has a pending Form I-485 based on her marriage to Plaintiff Lekmer Oswaldo Rodriguez Erazo. She filed the

Form I-485 (receipt number IOE0934523007) on November 5, 2025, along with Form I-765 (receipt number IOE0934523008) under 8 C.F.R. § 274a.12(c)(9). USCIS reused her biometrics, as confirmed by a notice dated November 18, 2025. USCIS's online case-status page states that her Form I-765 is still being processed and that USCIS does not currently need anything from her. USCIS has not issued any notice identifying a defect in her pending Form I-765 or a case-specific explanation for withholding final adjudication. Without current employment authorization, Ms. Perdomo cannot work lawfully in pharmaceutical quality assurance. She lost her position as a QA Specialist at Lonza Group and has been unable to accept other pharmaceutical opportunities. Her family has depleted savings, incurred debt to meet mortgage and household obligations, and faces practical transportation difficulties if she cannot renew her driver's license.

15. Plaintiff D.R.G.P. is a 15-year-old minor child and citizen of Venezuela residing in New Port Richey, Florida, with his parents, Plaintiffs Lekmer Oswaldo Rodriguez Erazo and Lismar Arianna Perdomo Baez. He entered the United States on October 11, 2018, through Miami, Florida, using a B-2 visitor visa. He is a derivative applicant on his father's pending adjustment application. On November 5, 2025, he filed Form I-485 (receipt number IOE0934523009) and Form I-765 (receipt number IOE0934523010) under 8 C.F.R. § 274a.12(c)(9). USCIS scheduled his biometrics appointment in connection with his pending Forms I-485 and I-765, and he attended that appointment on December 11, 2025. USCIS's online case-status page states that his Form I-765 is still being processed and that USCIS does not currently need

anything from him. USCIS has not issued any notice identifying a defect in his pending Form I-765 or a case-specific explanation for withholding final adjudication. As a minor, D.R.G.P. depends on his parents' ability to maintain lawful employment, household stability, and reliable transportation while the family's adjustment applications remain pending. The continuing hold on his own Form I-765 also prevents him from receiving a decision on the application USCIS accepted for adjudication.

16.    Plaintiff Grace Susan Villalobos Ballester is a dual citizen of Venezuela and Spain residing in Katy, Texas. She entered the United States lawfully on October 11, 2020, under E-2 status. On November 7, 2025, she filed Form I-485 (receipt number IOE0934547525) based on a I-140 immigrant petition filed on May 1, 2024, along with Form I-765 (receipt number IOE0934547526) under 8 C.F.R. § 274a.12(c)(9). Before filing for adjustment, Ms. Villalobos Ballester maintained E-2 nonimmigrant status and later received Temporary Protected Status under the Venezuela designation. Her prior employment authorization is currently extended based on a timely filed renewal. USCIS reused her previously captured biometrics, as confirmed by a notice dated November 20, 2025. USCIS has not issued any notice identifying a defect in her pending Form I-765 or a case-specific explanation for withholding final adjudication. Ms. Villalobos Ballester works as a Senior Purchasing Specialist at Bechtel Global Corporation and is being considered for promotion to Purchasing Supervisor for a confidential semiconductor project. USCIS's refusal to decide her pending adjustment-based Form I-765 jeopardizes her ability to maintain

uninterrupted employment authorization, accept advancement opportunities, and continue supporting her husband and two minor children.

17. Plaintiff S.A.M.V. is a minor child and dual citizen of Venezuela and Spain residing in Katy, Texas, with his mother, Plaintiff Grace Susan Villalobos Ballester. He entered the United States lawfully on October 11, 2020, under E-2 status. He is a derivative applicant on his mother's pending adjustment application. On November 7, 2025, through his mother, he filed Form I-485 (receipt number IOE0934547528) and Form I-765 (receipt number IOE0934547529) under 8 C.F.R. § 274a.12(c)(9). USCIS reused his previously captured biometrics, as confirmed by a notice dated November 20, 2025. USCIS has not issued any notice identifying a defect in his pending Form I-765 or a case-specific explanation for withholding final adjudication. As a minor, S.A.M.V. depends on his mother's ability to maintain lawful employment and household stability while the family's adjustment applications remain pending. The continuing hold on his own Form I-765 also prevents him from receiving a decision on the application USCIS accepted for adjudication.

## DEFENDANTS

18. Defendant United States Citizenship and Immigration Services is a component of the Department of Homeland Security. USCIS is responsible for adjudicating applications and petitions for immigration benefits, including Forms I-765. USCIS issued and is implementing the adjudicative hold challenged in this action.

19.     Defendant Joseph B. Edlow is the Director of USCIS. He is sued in his official capacity. He is responsible for directing USCIS operations and implementing the challenged adjudicative hold.

20.     Defendant Department of Homeland Security is a federal agency. USCIS is a component of DHS.

21.     Defendant Markwayne Mullin is the Secretary of Homeland Security. He is sued in his official capacity. He is responsible for supervising DHS and USCIS.

## LEGAL BACKGROUND

### A. USCIS extended § 1182(f) entry restrictions into a categorical hold on domestic benefit adjudications.

22.     USCIS's asserted justification for the Benefits Holds traces back to two presidential proclamations issued under 8 U.S.C. § 1182(f). On June 4, 2025, the President issued Proclamation 10949, restricting the entry of nationals from 19 designated countries. 90 Fed. Reg. 24497 (June 10, 2025). On December 16, 2025, the President issued Proclamation 10998, extending those entry restrictions to 19 additional countries and the Palestinian Authority. 90 Fed. Reg. 59717 (Dec. 19, 2025). Section 1182(f) permits the President, under specified conditions, to "suspend the entry" of covered noncitizens or "impose on the[ir] entry" restrictions he deems appropriate after a finding of detriment to national interests.

23.     The proclamations govern entry. They do not prescribe rules for adjudicating domestic benefit requests filed by noncitizens already present in the United States. Nor do they set out any legal or policy rationale for withholding employment-

authorization decisions from noncitizens who are already here and who have filed domestic applications with USCIS.

24.     Despite that, USCIS carried the proclamations' entry restrictions into domestic benefit adjudication. On November 27, 2025, USCIS issued Policy Alert PA-2025-26, amending the USCIS Policy Manual to instruct adjudicating officers that country-related facts associated with the entry proclamation may weigh heavily against a favorable exercise of discretion in domestic benefit adjudications. USCIS, PA-2025-26, Policy Alert: Impact of INA 212(f) on USCIS' Adjudication of Discretionary Benefits (Nov. 27, 2025) (attached as Ex. A).

25.     Five days later, the agency went further. On December 2, 2025, USCIS issued PM-602-0192, directing personnel to "place a hold" on pending benefit requests filed by nationals of the Proclamation 10949 countries, "regardless of entry date," pending what the agency described as a "comprehensive review." USCIS, PM-602-0192, Policy Memorandum: Hold and Review of All Pending Asylum Applications and All USCIS Benefit Applications Filed by Aliens from High-Risk Countries (Dec. 2, 2025) (attached as Ex. B), at 1. By applying the hold "regardless of entry date," USCIS made the hold turn on nationality rather than on whether a particular applicant had entered in violation of the entry proclamation. *Id.*

26.     On January 1, 2026, USCIS issued PM-602-0194, which left PM-602-0192 in force, extended its reach to nationals of the Proclamation 10998 countries, and confirmed that the hold prevents "a final decision on a case, such as an approval, denial or dismissal." USCIS, PM-602-0194, Policy Memorandum: Hold and Review of

12

USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries (Jan. 1, 2026) (attached as Ex. C), at 1, 1 n.2. The memorandum states that the hold applies without regard to how long an applicant has already been in the United States or what prior screening the applicant has already undergone. *Id.* at 1, 3 n.8. USCIS's own regulations define a "benefit request" to include "any application, petition, motion, appeal, or other request relating to an immigration or naturalization benefit" filed in the manner DHS prescribes. 8 C.F.R. § 1.2. The hold thus reaches pending Forms I-765 filed by covered nationals even when no individualized finding has been made that the applicant is inadmissible, ineligible for employment authorization, or subject to any case-specific security concern.

27.     The hold has no end date. PM-602-0192 and PM-602-0194 set out screening criteria for covered cases, but they do not identify when that review for potential risk to "national security or public safety" will end, what rule of decision will govern once review is complete, or when USCIS will resume ordinary adjudication. *See generally* Ex. B; Ex. C. PM-602-0194 states that "[w]ithin 90 days" USCIS "will prioritize a list for review, interview, and re-interview, and issue operational guidance." Ex. C at 5. That 90-day period has passed. No guidance has been issued explaining when suspended Forms I-765 will proceed to final adjudication. Nor has any general timetable been announced. Plaintiffs' applications thus remain frozen—neither approved, denied, or dismissed—while USCIS continues to broadly apply the hold.

28.     The hold memoranda include a carveout for "extraordinary circumstances," but that exception underscores the hold's breadth, rather than modulating it. *Id.* at 3.

The memoranda fail to define "extraordinary circumstances," identify the showing required to obtain relief, or explain how a covered applicant can secure final adjudication if the agency completes its screening and identifies no unlawful basis for denial. *See generally id.* In addition, only the USCIS Director or Deputy Director—in other words, the two highest-ranking officials of the agency—are permitted to approve an individual request to lift the hold. *Id.* at 3.

29.     USCIS has acknowledged that the hold "may result in delay," but has not explained why existing adjudicatory tools and processes are inadequate to address any legitimate security concern. *Id.* at 4. USCIS may collect biometrics, conduct background checks, request evidence, refer particular cases for further review, or deny applications where lawful grounds exist. The hold memoranda do not explain why those mechanisms are insufficient. They instead prevent final decisions for a class of applicants defined by nationality.

30.     The hold also departs from USCIS's existing regulation for withholding adjudication during an investigation. Section 103.2(b)(18) permits USCIS to withhold adjudication when it determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion in connection with the benefit request, and that disclosure of information in connection with adjudication would prejudice the ongoing investigation. 8 C.F.R. § 103.2(b)(18). The hold does not require that individualized determination. It does not require USCIS to find that adjudicating a particular Form I-765 would prejudice an ongoing investigation.

14

Instead, it replaces that individualized regulatory mechanism with a categorical nationality-based bar.

31.    USCIS has separately reported that some pending benefits applications may require re-submission of fingerprint-based background checks under an enhanced FBI vetting system. That process, if applicable to Plaintiffs' Forms I-765, does not justify the Benefitst Hold challenged here. Nor may USCIS use any later fingerprint-based re-vetting process to substitute one indefinite hold for another. Plaintiffs do not seek to prevent USCIS from completing lawful, generally applicable background checks. But if USCIS contends that such checks prevent final adjudication of any Plaintiff's Form I-765, USCIS must provide a case-specific explanation and a prompt, enforceable timetable for completion.

**B. Noncitizens may seek and obtain employment authorization while USCIS adjudicates their applications for adjustment of status.**

32.    A Form I-485 is an application for adjustment of status. It asks USCIS to determine whether a noncitizen already present in the United States may become a lawful permanent resident. *See* 8 U.S.C. § 1255; 8 C.F.R. pt. 245. A Form I-765 serves a different function. It asks USCIS to decide whether the applicant may receive temporary employment authorization while another immigration process remains pending.

33.    For adjustment applicants, the Form I-485 supplies the regulatory basis for that employment authorization request. USCIS regulations expressly provide that "[a]n alien who has filed an application for adjustment of status to lawful permanent resident" may seek employment authorization. 8 C.F.R. § 274a.12(c)(9). The resulting

15

I-765 adjudication is thus distinct from the I-485 adjudication. A grant of employment authorization allows the applicant to work for a limited period while adjustment remains pending; it does not itself confer lawful permanent residence or require USCIS to approve the Form I-485.

34.     The I-765 process has its own regulatory endpoint. If USCIS grants the application, the applicant "shall be notified of the decision" and issued an employment authorization document. 8 C.F.R. § 274a.13(b). If USCIS denies the application, the applicant "shall be notified in writing of the decision and the reasons for the denial." 8 C.F.R. § 274a.13(c). The regulation directs USCIS what to do when it grants or denies an I-765 application. It does not authorize indefinite suspension of final decisions.

## FACTUAL ALLEGATIONS

35.     Plaintiffs filed Forms I-765 so they could work lawfully while USCIS adjudicates their separate Forms I-485. Each Plaintiff filed the application under 8 C.F.R. § 274a.12(c)(9), the regulatory category for applicants with pending Forms I-485.

36.     Plaintiffs all filed their Forms I-765 in November 2025 and paid the required filing fees. USCIS accepted those applications for processing and adjudication. USCIS either reused or collected biometrics for each Plaintiff.

37.     USCIS has not identified any missing evidence, eligibility defect, individualized security concern, or case-specific reason why Plaintiffs' Forms I-765 cannot be decided. To the extent USCIS's own online case-status tool provides any

16

explanation, it confirms only that the applications remain pending and that nothing further is required from Plaintiffs.

38.   Plaintiffs were admitted or paroled into the United States before filing the Forms I-765 at issue. Several previously held employment authorization or otherwise underwent prior immigration processing by DHS. Nor has USCIS provided any case-specific reason why Plaintiffs' Forms I-765 cannot be decided. The Benefits Hold therefore is not tied to any unresolved adjudicatory step specific to an applicant, but rather categorically bars final decisions even after applications have been accepted and processed.

39.   The hold prevents some Plaintiffs from working lawfully now and threatens others' ability to maintain uninterrupted work authorization, accept promotions, or secure future employment while their adjustment applications remain pending. Plaintiffs include professionals in information technology, cybersecurity, construction estimation, engineering, pharmaceutical quality assurance, procurement, logistics, and supply-chain management.

40.   Plaintiffs' inability to obtain final I-765 decisions has cost them jobs, salaries, and available professional opportunities, or has placed continued employment and advancement at risk. Some Plaintiffs have depleted savings or incurred debt, are struggling to meet mortgage or household obligations, cannot access health insurance or necessary medical care, or face practical transportation problems tied to the lack of current work authorization.

41. Plaintiffs' injuries do not flow from adverse decisions. Rather, USCIS's withholding of any decision on their Forms I-765 leaves them unable to structure their lives around lawful employment. And because the hold has no fixed endpoint, Plaintiffs do not know when they may resume working, whether pending job opportunities will remain available, or whether the applications USCIS accepted months ago will ever produce the decisions its own regulations contemplate.

## CLAIMS FOR RELIEF

### Count I
### Agency Action Unlawfully Withheld or Unreasonably Delayed
### 5 U.S.C. §§ 555(b), 706(1)

42. Plaintiffs repeat and incorporate by reference each preceding allegation.

43. The APA requires agencies to conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b).

44. The APA authorizes courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

45. The agency action Plaintiffs seek is discrete: final adjudication of identified Forms I-765 that USCIS has accepted for adjudication.

46. USCIS has a duty to decide Plaintiffs' Forms I-765 within a reasonable time.

47. USCIS has unlawfully withheld adjudication of Plaintiffs' Forms I-765 by applying a categorical hold that prevents final decisions.

48. In the alternative, USCIS has unreasonably delayed adjudication of Plaintiffs' Forms I-765. The delay is unreasonable because it does not arise from ordinary

18

processing or case-specific concerns. Instead, it arises from a categorical policy that forbids final adjudication.

49.     Plaintiffs are entitled to an order compelling USCIS to adjudicate their pending Forms I-765 within a date certain.

## Count II
### Agency Action Contrary to Law, in Excess of Statutory Authority, and Contrary to USCIS's Own Regulations
### 5 U.S.C. § 706(2)(A), (C)

50.     Plaintiffs repeat and incorporate by reference each preceding allegation.

51.     The APA directs courts to hold unlawful and set aside agency action that is not in accordance with law or exceeds statutory authority. 5 U.S.C. § 706(2)(A), (C).

52.     USCIS lacks statutory authority to impose an indefinite, categorical hold on Plaintiffs' Forms I-765.

53.     The entry authority invoked in the presidential proclamations, 8 U.S.C. § 1182(f), does not authorize USCIS to suspend domestic adjudication of employment-authorization applications filed by noncitizens already present in the United States.

54.     USCIS's employment authorization regulations use mandatory language. If an I-765 application is granted, the applicant "shall be notified of the decision" and issued an employment authorization document. 8 C.F.R. § 274a.13(b). If the application is denied, the applicant "shall be notified in writing of the decision and the reasons for the denial." 8 C.F.R. § 274a.13(c).

55.     Those regulatory provisions require USCIS to give the applicant a decision, either through approval and issuance of an employment authorization document or

through written reasons for denial. The Benefits Hold is contrary to those regulations because it prevents USCIS from issuing the decision they require.

56.    The Benefits Hold also exceeds the limited circumstances in which USCIS regulations permit withholding adjudication during an investigation. Section 103.2(b)(18) authorizes withholding adjudication only when USCIS determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion in connection with the benefit request, and that disclosure of information in connection with adjudication would prejudice the ongoing investigation. USCIS made no such individualized determination for Plaintiffs. Their applications are withheld because of the challenged hold.

57.    Agencies must follow their own binding regulations when adjudicating applications before them. USCIS's Benefits Hold prevents adjudicators from following the I-765 decision framework in 8 C.F.R. § 274a.13 and bypasses the individualized withholding mechanism in 8 C.F.R. § 103.2(b)(18). For that additional reason, the hold is contrary to law.

58.    The Benefits Hold is therefore contrary to law and in excess of statutory authority.

//

//

20

## Count III
## Arbitrary and Capricious Agency Action
## 5 U.S.C. § 706(2)(A)

59. Plaintiffs repeat and incorporate by reference each preceding allegation.

60. The APA directs courts to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

61. USCIS failed to provide a reasoned explanation for imposing an indefinite hold on final adjudication of Plaintiffs' Forms I-765. The Benefits Hold does not fit the rationale USCIS gave for it. The presidential proclamations underlying the hold concern entry. Plaintiffs, on the other hand, are already present in the United States after admission or parole, and the Forms I-765 at issue seek only temporary employment authorization while separate adjustment applications are pending. USCIS did not explain why an entry restriction justifies suspending domestic employment-authorization decisions for noncitizens in that posture.

62. USCIS also failed to explain why it bypassed existing adjudicatory tools. The ordinary adjudicatory process allows USCIS to conduct screening, request evidence, interview applicants, refer cases for further review, and deny applications on lawful grounds. And when an investigation requires withholding adjudication, USCIS's own regulations supply an individualized mechanism. 8 C.F.R. § 103.2(b)(18). The agency identified no reason why those tools were inadequate or why a categorical nationality-based bar on final decisions was necessary.

21

63.    USCIS, furthermore, failed to account for reliance interests. Plaintiffs filed Forms I-765 because USCIS made that process the path to lawful employment authorization while adjustment applications remain pending. They paid the required filing fees and appeared for biometrics. And they arranged financial and family obligations around an adjudicatory process designed to produce a decision. While USCIS withholds that decision, Plaintiffs remain unable to work lawfully, earn expected income, accept or resume employment, and maintain the stability that employment authorization is meant to provide.

64.    For those reasons, the Benefits Hold is arbitrary and capricious.

## Count IV
## Promulgation of a Legislative Rule Without Notice and Comment
### 5 U.S.C. §§ 553, 706(2)(D)

65.    Plaintiffs repeat and incorporate by reference each preceding allegation.

66.    The APA requires agencies to follow notice-and-comment procedures before promulgating substantive legislative rules. 5 U.S.C. § 553.

67.    The Benefits Hold is a substantive rule. It is effective immediately, binds USCIS officers, and prohibits final adjudication of covered benefit requests. It does not merely guide internal workflow or announce a tentative enforcement priority. It determines whether covered applicants may receive the agency decision necessary to obtain a legally operative employment authorization document.

68.    The hold therefore changes the legal regime governing Plaintiffs' Forms I-765. USCIS's regulations call for adjudication resulting in approval or denial. Under the

hold, however, USCIS officers are directed to process the application but may not issue the final decision those regulations contemplate.

69. USCIS promulgated the Benefits Hold without the rulemaking procedures the APA requires. No exception excuses that failure. The hold is not an interpretive rule, procedural rule, or general statement of policy, and USCIS did not make the showing required to invoke the good-cause exception.

70. The Benefits Hold should therefore be held unlawful and set aside under 5 U.S.C. § 706(2)(D).

**Count V**
**Mandamus, in the Alternative**
**28 U.S.C. § 1361**

71. Plaintiffs repeat and incorporate by reference each preceding allegation.

72. To the extent the APA does not provide an adequate remedy, Plaintiffs are entitled to mandamus compelling USCIS to discharge its nondiscretionary duty to decide their pending Forms I-765.

73. Plaintiffs have a clear right to adjudication of applications that USCIS accepted for decision.

74. USCIS has a clear duty to decide Plaintiffs' Forms I-765, even though the ultimate outcome of a particular application may involve discretion.

75. Plaintiffs have no adequate alternative remedy if USCIS may indefinitely withhold decisions under the Benefits Hold.

76. Plaintiffs do not seek a writ directing USCIS to grant any Form I-765. They seek only a writ requiring USCIS to decide the pending applications.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

A.  Declare that USCIS's Benefits Hold, as applied to Plaintiffs' pending Forms I-765, is unlawful;

B.  Declare that Defendants' refusal to adjudicate Plaintiffs' pending Forms I-765 violates the APA;

C.  Hold unlawful and set aside the adjudicative hold to the extent it requires USCIS to withhold final adjudication of Plaintiffs' pending Forms I-765;

D.  Enjoin Defendants from applying PM-602-0192, PM-602-0194, or any materially similar adjudicative hold to Plaintiffs' pending Forms I-765;

E.  Order Defendants to adjudicate Plaintiffs' pending Forms I-765 within 30 days, without dictating the outcome of any application. If Defendants contend that adjudication of a particular Plaintiff's application cannot lawfully be completed within that period because a generally applicable fingerprint-based background check remains pending, require Defendants to file, within seven days, a plaintiff-specific notice identifying the status of that check, the date it was submitted or resubmitted, the reason final adjudication cannot lawfully occur before completion of the check, and a date certain for completion of the check that is no later than 14 days after the notice absent further order of the Court;

F.  Award Plaintiffs reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

G.  Grant any further relief the Court deems just and proper.


Dated: May 15, 2026                    Respectfully submitted,


                                       */s/ Sarah S. Wilson*
                                       SARAH S. WILSON
                                       Colombo & Hurd PL
                                       301 E. Pine Street, Ste. 450
                                       Orlando, FL 32801
                                       (407) 478-1111
                                       swilson@colombohurd.com

                                       DAVID KIM
                                       Colombo & Hurd PL
                                       301 E. Pine Street, Ste. 450
                                       Orlando, FL 32801
                                       (407) 478-1111
                                       dkim@colombohurd.com